IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19 CV 380 MOC WCM

| | |
|---|---|
| STACEY LEVERETT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANDREW M. SAUL, ) <br> Acting Commissioner of the Social ) <br> Security Administration, ) <br> ) <br> Defendant. ) <br> _____ ) | MEMORANDUM AND <br> RECOMMENDATION |

This matter is before the Court on Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Summary Judgment (Docs. 12 & 14), which have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). Following a review of the record, the parties' submissions, and relevant legal authority, the undersigned respectfully recommends that Plaintiff's motion be granted and the Commissioner's motion be denied.

I. Procedural Background

On June 27, 2015, Plaintiff filed an application for disability insurance benefits and supplemental security income. Transcript of Administrative Record ("AR") pp. 276-299. Following denial of Plaintiff's claims on initial review and reconsideration, a video hearing was held on March 19, 2018, where Plaintiff appeared and testified. AR pp. 52-71. Plaintiff was represented by

1

counsel at the hearing.

On June 21, 2018, the Administrative Law Judge ("ALJ") issued an unfavorable decision. AR pp. 30-51. The Appeals Council denied Plaintiff's request for review of that decision and on August 2, 2019 Plaintiff timely filed the instant action. AR pp. 1-7; Doc. 1. Accordingly, the ALJ's decision is the Commissioner's final decision for purposes of judicial review. See 20 C.F.R. § 404.981.

## II. The Five-Step Process

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the Commissioner to evaluate each claim for benefits using a five-step sequential analysis. 20 C.F.R. §§ 404.1520; 416.920. In this process, the Commissioner considers each of the following: (1) whether the claimant has engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or exceed the severity of one or more of the impairments listed in Appendix I of 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any other work considering his or her age, education, and residual

functional capacity ("RFC").  20 C.F.R. §§ 404.1520, 416.920; Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001); Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (per curiam).

The burden rests on the claimant through the first four steps to prove disability.  Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016).  If the claimant is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant can perform other work.  Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

### III. The ALJ's Decision

The ALJ determined that Plaintiff has the severe impairments of recurrent arrhythmias, vestibular system disorder, degenerative disc disease of the lumbar spine, anxiety disorder with panic attacks, and bipolar disorder. AR p. 36.  The ALJ further found, in relevant part, that Plaintiff had the mental RFC to perform

> simple, routine tasks with simple work-related decisions and no more than occasional changes in a routine work setting. She can have occasional interaction with coworkers and supervisors but no interaction with the public.

AR p. 39.[1]

---

[1] To account for Plaintiff's physical limitations, the ALJ limited Plaintiff to light work with additional limitations.  Plaintiff does not challenge the ALJ's consideration and findings with respect to her physical limitations.

3

Applying this RFC, the ALJ found that Plaintiff was unable to perform her past relevant work, but that Plaintiff could perform other work such that she was not disabled from August 1, 2014 (the alleged disability onset date) through June 21, 2018 (the date of the ALJ's Decision). AR pp. 43-46.

### IV. Standard of Review

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006) (quoting Mastro, 270 F.3d at 176). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record and based on the correct application of the

law. Id.

## V. Analysis

Plaintiff makes two allegations of error: (1) that the ALJ failed to account for her ability to stay on task and (2) that the ALJ failed to explain the inconsistencies between the RFC and the opinion of a consulting physician.

### A. Plaintiff's Ability to Stay on Task

The ALJ found that Plaintiff had moderate limitations in: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing herself. AR pp. 37-38. Plaintiff argues that the ALJ failed to incorporate limitations with respect to her ability to stay on task despite her moderate impairment in maintaining concentration, persistence, or pace. Doc. 13, p. 8.

An ALJ that finds a plaintiff to have moderate limitations in concentration, persistence, or pace is not automatically required to include a corresponding limitation in the RFC. Shinaberry v. Saul, 952 F.3d 113, 121 (4th Cir. 2020). Rather, under the Mascio standard, the ALJ may either: (1) limit the RFC to account adequately for the limitations in concentration, persistence, or pace, or (2) adequately explain the decision not to limit the plaintiff's RFC further. Shinaberry, 952 F.3d at 121 (explaining that Mascio did not impose a categorical rule requiring a specific RFC regarding

5

concentration, persistence, or pace and stating that an ALJ could explain why such a limitation was not necessary); Rivera v. Berryhill, No. 3:17-CV-00376-GCM, 2019 WL 355536, at *2 (W.D.N.C. Jan. 29, 2019).

Here, the ALJ limited Plaintiff to "simple, routine tasks with simple work-related decisions," "no more than occasional changes in a routine work setting," "occasional interaction with coworkers and supervisors," and "no interaction with the public." AR p. 39. The Commissioner recognizes that "[s]tanding alone, a limitation to simple, routine, repetitive tasks would not comply with *Mascio*" but argues that these additional limitations adequately address Plaintiff's moderate limitations in concentration, persistence, or pace. Doc. 15, p. 7. Plaintiff contends that these limitations address her moderate limitations in interacting with others but not her ability to stay on task. Doc. 13, p. 10.

In considering Plaintiff's mental limitations, the ALJ relied on the findings of two state psychological consultants, Dr. Robert H. Cyr-McMillon and Dr. Bonny Gregory. AR p. 42.[2] Both Dr. Gregory and Dr. Cyr-McMillon

---

[2] The ALJ also gave "great weight" to a psychological consultative examination conducted by Dr. Robert Abramowitz. AR p. 42. While the ALJ recognized that Dr. Abramowitz "gave no real opinion" regarding Plaintiff's mental limitations, he noted that Dr. Abramowitz reported that Plaintiff had generally normal findings on mental status testing, her store of personal information and long-term memory were intact, and her concentration "was average but her arithmetic ability was somewhat limited." Id. (discussing AR p. 460).

reviewed Plaintiff's records and found that Plaintiff demonstrated some moderate difficulties with maintaining concentration, persistence, or pace as well as some moderate difficulties in social interaction.[3]

Dr. Cyr-McMillon found that Plaintiff's ability to "carry out very short and simple instructions" and "maintain attention and concentration for extended periods" was not significantly limited, but that her "ability to carry out detailed instructions" and "work in coordination with or in proximity to others without being distracted by them" was moderately limited. AR pp. 111 & 127. Dr. Cyr-McMillon also opined that Plaintiff could "maintain adequate attention, concentration and pace to perform even some complex tasks *for which speed is not critical*" and that Plaintiff "may have some difficulty adapting to changes in the workplace but should be able to adapt to routine changes in a stable work assignment even involving some complex tasks in a

---

[3] AR pp. 81-83 & 94-96; AR pp. 110-112 & 126-128. With respect to Plaintiff's specific limitations in the area of concentration, persistence, and pace, Dr. Gregory opined that Plaintiff was not significantly limited in her ability to maintain attention and concentration for extended periods, but had moderate limitations in her ability "to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances" and in her "ability to complete a normal workday and workweek without interruption from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." See AR pp. 81-83 & 94-96. Dr. Gregory further opined that Plaintiff had "the ability to carry out very short and simple instructions and is able to maintain attention and concentration for 2 hours at a time as required for the performance of simple tasks." AR pp. 82 & 95.

7

position that is *not highly production oriented* or socially demanding." AR pp. 111 & 127 (emphasis added); AR pp. 112 & 128 (emphasis added).

The ALJ found that Dr. Gregory and Dr. Cyr-McMillon's "opinions finding moderate limitation in social function and concentration, persistence, or pace are consistent with the overall record." AR p. 43. The ALJ explained that he "considered the claimant's complaints of a short temper and being uncomfortable around strangers in determining the claimant's ability to interact with the general public" and that her "alleged trouble with complex instructions, average concentration, and reported dizziness secondary to medications support limitations in following instructions and maintaining concentration, persistence, or pace." AR p. 43.

However, notwithstanding his finding that Dr. Cyr-McMillon's opinion that Plaintiff had a moderate limitation in concentration, persistence, or pace was consistent with the overall record, the ALJ did not include a specific pace limitation in the RFC or explain why such a pace limitation was unnecessary. See Hullender v. Berryhill, No. 3:18cv261-MOC-WCM, 2019 WL 4439610 (W.D.N.C. May 24, 2019), *recommendation adopted*, 2019 WL 4439488, at * 4 (Sept. 16, 2019) (limiting claimant to "simple, routine, and repetitive tasks in a low stress and low production environment" with "occasional exposure to people" adequately addressed moderate limitation in concentration, persistence, or pace) (citing Sizemore v. Berryhill, 878 F.3d 72 (4th Cir. 2017)

8

Case 3:19-cv-00380-MOC-WCM   Document 17   Filed 06/24/20   Page 8 of 12

(holding substantial evidence supported ALJ's determination that claimant could stay on task while performing "simple one, two step tasks" so long as he was working in a low stress non-production job with no public contact)).

It may be that the ALJ interpreted Dr. Cyr-McMillon's opinions that Plaintiff could "maintain attention and concentration for extended periods" and could maintain necessary concentration and pace for tasks "for which speed is not critical" or which were "not highly production oriented" to indicate that pace/production limitations would only be necessary if Plaintiff were performing complex tasks and therefore that no pace limitation was required in her RFC because Plaintiff was limited to simple, routine tasks with simple work-related decisions. AR pp. 111 & 127; 112 & 128. If this was the ALJ's thought process, though, it does not appear in the opinion. See Fincher v. Saul, No. 3:19-cv-215-MR-WCM, 2020 WL 3088807, at * (W.D.N.C. May 22, 2020), *recommendation adopted*, 2020 WL 3077185 (W.D.N.C. June 10, 2020) (remanding where ALJ relied on state agency consultants that opined that claimant was moderately limited in the ability to maintain attention and concentration for extended periods and RFC limited claimant to "simple work-related decisions and only occasional changes in a routine setting," occasional interaction with coworkers and supervisors, and no interaction with the general public).

9

Case 3:19-cv-00380-MOC-WCM Document 17 Filed 06/24/20 Page 9 of 12

Consequently, the undersigned will recommend that the case be remanded so that the ALJ may further consider and explain the impact of Plaintiff's mental limitations.

### B. RFC

RFC is defined as "the most [a claimant] can do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). SSR 96-8p, 1996 WL 374184 (July 2, 1996), provides that an ALJ's RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)." Id. at *7. The Commissioner is responsible for determining the claimant's RFC based on all the relevant evidence. Johnson, 434 F.3d at 653. However, in formulating an RFC, an ALJ is not required to discuss every piece of evidence. See Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014).

Here, Plaintiff argues that the ALJ failed to explain the inconsistencies between the RFC and Dr. Cyr-McMillon's opinion to which he otherwise gave weight. Doc. 13, pp. 12-13.

The undersigned agrees. As noted above, both Dr. Cyr-McMillon and Dr. Gregory opined that Plaintiff had moderate limitations in concentration, persistence and pace, which the ALJ explicitly noted were "consistent with the overall record." AR p. 43. However, as discussed, Plaintiff's RFC does not

adequately account for her moderate limitations in concentration, persistence, and pace, and the ALJ has not provided an explanation why such limitation was not adopted. See Mascio, 780 F.3d at 638 ("For example, the ALJ may find that the concentration, persistence, or pace limitation does not affect Mascio's ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the vocational expert. But because the ALJ here gave no explanation, a remand is in order.")

## VI. Recommendation

Considering the foregoing, the undersigned **RECOMMENDS** that Plaintiff's Motion for Judgment on the Pleadings (Doc. 12) be granted and that the Commissioner's Motion for Summary Judgment (Doc. 14) be denied.

Signed: June 23, 2020

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).